UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____ X

COOPERSTOWN PROPERTIES, LLC :
and COOPERSTOWN DREAMS PARK, :
INC., :
 :   Case No.  6:25-cv-1079 (ECC/ML)
    Plaintiffs, :
 :   **JURY TRIAL DEMANDED**
 :
v. :
 :
JOEY DUFFIELD, and BASEBALL :
DOESN'T EXIST LLC, :
 :
    Defendants.
_____ X

## **COMPLAINT**

   Plaintiffs Cooperstown Properties, LLC and Cooperstown Dreams Park, Inc.

(collectively, "Plaintiffs"), for their Complaint against Defendant Joey Duffield and Defendant

Baseball Doesn't Exist LLC (collectively, "Defendants") allege as follows:

## **INTRODUCTION AND SUMMARY OF RELIEF REQUESTED**

   1. Plaintiffs bring this action to stop Defendants' unauthorized use of Plaintiffs'

COOPERSTOWN DREAMS PARK trademark, copyrighted COOPERSTOWN DREAMS

PARK logo, and several copyrighted video clips, all of which have been used by Defendants in

connection with a video maliciously designed to tarnish Plaintiff's reputation and business.  Not

only are Defendants making use of Plaintiffs' intellectual property without authorization, they

are doing so in a way that misleads the public into believing that Plaintiffs' Cooperstown Dreams

Park youth baseball facility either is, or is connected to or affiliated with, Defendants and their

services.

2.      Accordingly, Plaintiffs have initiated this action to put a halt to the unauthorized use of their trademarks and copyrighted works, and to prevent further confusion of the public. Plaintiffs also seek monetary relief, including statutory damages and the recovery of their reasonable attorneys' fees.

## JURISDICTION AND VENUE

3.      This is a civil action arising out of Defendants' infringement of certain federally registered trademarks owned and used by Plaintiffs, false designations of origin and false representations, and unfair competition, in violation of §§ 32(1) and 43(a)(1)(A) of the U.S. Trademark Act of 1946, *as amended* (the "Lanham Act"), 15 U.S.C. §§ 1114(1) and 1125(a)(1)(A); for copyright infringement under the U.S. Copyright Act, 17 U.S.C. §§ 101, *et seq*.; for trademark infringement and unfair competition under the common law of the State of New York; and for trademark dilution under New York General Business Law § 360-l.

4.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

5.      This Court has personal jurisdiction over Defendants as they have purposely directed substantial commercial activities in this State and, on information and belief, derive or have derived revenue from continuous and systematic business activities, including in interstate commerce, purposely directed to this State and this District.  In addition, Defendants operate a YouTube channel and several social media accounts that are accessible in this State and in this District, and on which Defendants are using Plaintiffs' trademarks and copyrighted works without authorization, causing a likelihood of confusion among consumers in this State and in this District.  On information and belief, Defendants accessed and copied Plaintiffs' copyrighted works through Plaintiffs' social media accounts or website, which are operated and managed from this District.  By virtue of these actions, Defendants have purposefully availed themself of

the privilege of conducting business in this State and in this District and are subject to jurisdiction in this Court, including under New York CPLR 302.

6.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this District, and because Defendants are subject to the Court's personal jurisdiction in this District.

## PARTIES

7.    Plaintiff Cooperstown Properties, LLC ("Cooperstown Properties") is a North Carolina limited liability company.  Cooperstown Properties is licensed and registered to do business in New York and is the federal registrant and owner of the trademarks COOPERSTOWN DREAMS PARK, DREAMS PARK, and variations thereof, as well as the copyrighted works described below.

8.    Plaintiff Cooperstown Dreams Park, Inc. ("Dreams Park, Inc.") is a North Carolina corporation licensed and registered to do business in New York that operates the Cooperstown Dreams Park youth baseball facility in Cooperstown, New York.  Together with Cooperstown Properties, to which it is related through common ownership and otherwise, Dreams Park, Inc. has provided world-class youth baseball camp services for nearly thirty years.

9.    On information and belief, Defendant Baseball Doesn't Exist LLC is a Virginia limited liability company with a principal place of business in Richmond, Virginia.

10.    On information and belief, Defendant Joey Duffield is an individual residing in Falls Church, Virginia and is a member of Defendant Baseball Doesn't Exist LLC.  On information and belief, Defendant Duffield's address is 6465 33rd Street, Falls Church, VA 22043.

## FACTS IN SUPPORT OF PLAINTIFFS' CLAIMS

11.     For nearly thirty years, Plaintiffs have operated a youth baseball camp in New York State, in this District.

12.     During this time, Plaintiffs have hosted thousands of baseball teams, involving hundreds of thousands of players, families and relatives, coaches and umpires, including teams from New York and across the United States.

13.     These baseball enthusiasts have enjoyed the sport of baseball and Plaintiffs' camp in the world-class Cooperstown Dreams Park youth baseball facility located in Cooperstown, New York ("Dreams Park").

14.     Dreams Park goods and services are advertised and promoted to youth sports teams, their families, coaches, umpires and enthusiasts throughout the country, including on Plaintiffs' websites at www.cooperstowndreamspark.com and https://www.cdpshop.com/ and on Plaintiff's various social media feeds accessible at www.instagram.com/dreamsparkbaseball/, www.x.com/dreamsparkbb, www.facebook.com/profile.php?id=100088446195736, and www.youtube.com/@dreamsparkbaseball.

15.     Cooperstown Properties is the owner of a federal registration in the United States Patent and Trademark Office for the mark COOPERSTOWN DREAMS PARK, U.S. Reg. No. 2,996,945; two federal registrations for the mark and its principal design logo, U.S. Reg. Nos. 2,904,777 and 2,265,952; and a federal registration for DREAMS PARK, U.S. Reg. 4,193,608 (collectively, the "Registered COOPERSTOWN DREAMS PARK Marks").  True and correct copies of the registrations for the Registered COOPERSTOWN DREAMS PARK Marks are attached as **Exhibit 1**.  All of these registrations are incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065.

16.     The aforementioned COOPERSTOWN DREAMS PARK logo is depicted below:

4



17.     In addition to the federally-registered marks described above, Plaintiffs own common law rights in COOPERSTOWN DREAMS PARK, DREAMS PARK and related marks that have been established through decades of advertising, investment and rendering of goods and services to the youth baseball community.  These extensive common law rights, together with the Registered COOPERSTOWN DREAMS PARK Marks, are referred to as Plaintiffs' "COOPERSTOWN DREAMS PARK Marks."

18.     Based on the longstanding use of Plaintiffs' COOPERSTOWN DREAMS PARK Marks and the substantial business Plaintiffs have established under such Marks, Plaintiffs' COOPERSTOWN DREAMS PARK Marks are distinctive and possess substantial goodwill among consumers and the trade.

19.     In addition to the rights owned in Plaintiffs' COOPERSTOWN DREAMS PARK Marks, Cooperstown Properties is also the owner of a registered copyright in the COOPERSTOWN DREAMS PARK logo, which is an original work belonging exclusively to Cooperstown Properties.  This registration was obtained from the U.S. Copyright Office on July 15, 2005, Reg. No. VA 1-300-076, and a true and correct copy of this registration and the deposit copy of the work that is the subject of the registration are attached collectively as **Exhibit 2**.

20.    Plaintiffs create recordings of events that occur at their facility for marketing and advertising purposes, depicting, among other things, game activities, fans having fun in the stands, awards ceremonies, and other footage showing attendees enjoying Plaintiffs' youth baseball tournaments and related camp activities. All Dreams Park attendees consent to their inclusion in such recordings as a condition of entry, with the proviso that any footage in which they appear is to be used solely for advertising and marketing purposes to promote Dreams Park. Likewise, the parents of baseball players who play in Dreams Park tournaments authorize Plaintiffs to record their children in these videos and to use the footage solely for Dreams Park advertising and marketing purposes. Plaintiff Cooperstown Properties owns all copyrights in and to the videos that it creates or commissions, and those videos are used solely for advertising and promotional purposes on social media and Plaintiffs' website. All persons appearing in such footage are treated respectfully and never associated with negative content.

21.    Plaintiff Cooperstown Properties owns the following copyright registrations covering videos that capture activities occurring on Dreams Park's property: (1) Copyright Reg. No. VAu 1-559-679, registered on July 29, 2025; (2) Copyright Reg. No. VAu 1-559-676, registered on July 29, 2025; (3) Copyright Reg. No. PAu 4-270-535, registered on July 29, 2025; (4) Copyright Reg. No. PAu 4-270-536, registered on July 29, 2025; and (5) Copyright Reg. No. PAu 4-270-537, registered on July 29, 2025 (collectively the "Registered Works"). Attached hereto as **Exhibit 3** are true and correct copies of the foregoing certificates of registration owned by Plaintiff Cooperstown Properties covering the Registered Works.

22.    Upon information and belief, Defendants engage in a variety of activities relating to sports, and baseball in particular. This includes operating a podcast and several social media

channels, all of which are available to consumers in New York and this District, where Defendants distribute content relating to baseball.

23.     On information and belief, Defendants operate a YouTube channel under the name "Baseball Doesn't Exist," https://www.youtube.com/@BaseballDoesntExist, which has over 1 million subscribers.

24.     Defendants also operate social media channels with thousands of followers, including an X account with nearly 60,000 followers, https://x.com/BaseballDoesnt, an Instagram account with over 197,000 followers, https://www.instagram.com/baseballdoesntexist, a Facebook account with approximately 58,000 followers, https://www.facebook.com/baseballdoesntexist/, and a TikTok account with over 477,000 followers, https://www.tiktok.com/@bbldoesntexist?lang=en.

25.     Recently, Defendants created a video entitled "Cooperstown, Where 12 Year Olds Dreams Go To Die" (the "Infringing Video") that is designed to tarnish Plaintiffs' reputation and makes unauthorized use of Plaintiffs' COOPERSTOWN DREAMS PARK Marks, the COOPERSTOWN DREAMS PARK logo, and the Registered Works.

26.     The Infringing Video prominently displays Plaintiffs' COOPERSTOWN DREAMS PARK Marks, including an exact copy of the COOPERSTOWN DREAMS PARK logo, that is both a registered trademark of Plaintiffs and identical to the copyrighted work owned by Cooperstown Properties, as shown by a screenshot from the Infringing Video reproduced below:



27.    The Infringing Video also reproduces and displays material excerpts from of the

Registered Works, as shown in the table below depicting side-by-side screenshots from

Cooperstown Properties' Registered Works and the Infringing Video:

| Exemplary Screenshot from the Registered Works | Exemplary Screenshots from Defendants' Infringing Video |
|---|---|
| Copyright Registration No. VAu 1-559-679 | |





Copyright Registration No. VAu 1-599-676





Copyright Registration No. PAu 4-270-535





Copyright Registration No. PAu 4-270-536




Copyright Registration No. PAu 4-270-537

28.     On information and belief, Defendants accessed Cooperstown Properties

Registered Works through Plaintiffs' social media accounts or the Dreams Park website, copied

the Registered Works without authorization, and used those copies to create the Infringing

Video.

29.     On or about June 9, 2025, Defendants posted the Infringing Video to their X

account at the following link:  https://x.com/BaseballDoesnt/status/1932132498483626048.

30.     On or about July 2, 2025, X removed the Infringing Video from Defendants' X

feed as a result of a complaint filed by Plaintiff.  Prior to its removal, the Infringing Video had

over 2 million views on X.

31.     On or about July 3, 2025, Defendants posted another copy of the Infringing Video

to their X account at the following link:

https://x.com/baseballdoesnt/status/1940633457610445271?s=46. As of the filing of this

Complaint, the second copy of the Infringing Video on X has over sixteen thousand views.

32.     On or about June 10, 2025, Defendants posted the Infringing Video on their

YouTube channel at the following link:  https://www.youtube.com/watch?v=Imbxisv6xhU.  As

of the filing date of this Complaint, the Infringing Video has over 570,000 views on YouTube.

33.     On or about June 10, 2025, Defendants posted the Infringing Video on their TikTok account at the following link:

https://www.tiktok.com/@bbldoesntexist/video/7514319396236463391?lang=en.  As of the filing date of this Complaint, the Infringing Video has over 290,000 views on TikTok.

34.     On or about June 10, 2025, Defendants posted the Infringing Video to their Instagram account at the following link: https://www.instagram.com/p/DKsMMpfOAYL/?hl=en. As of the filing date of this Complaint, the Infringing Video has over 53,000 likes on Instagram.

35.     On or about June 10, 2025, Defendants posted the Infringing Video to their Facebook profile at the following link: https://www.facebook.com/reel/9796352100463242.

36.     Attached hereto as **Exhibit 4** are true and correct copies of screenshots from Defendants' X, YouTube, TikTok, Instagram, and Facebook pages showing the Infringing Video being displayed and distributed through those websites, without viewer comments, when available.

37.     Defendants have reproduced, displayed, and distributed Plaintiff's copyrighted works, including the COOPERSTOWN DREAMS PARK logo and the Registered Works, to millions of individuals through their online platforms, all without Plaintiffs' consent or authorization.

38.     Consumers are likely to believe that Defendants are affiliated with, sponsored by, or associated with Plaintiffs, at least initially, or that Plaintiffs have approved the Infringing Video based on Defendant's prominent use of the COOPERSTOWN DREAMS PARK Marks.

39.     The use of Plaintiffs' registered intellectual property in the Infringing Video is particularly damaging to Plaintiffs because it perpetuates the false perception of a connection between the Cooperstown Dreams Park and Defendants, and also represents a wholly

unauthorized use of Plaintiffs' intellectual property and its underlying goodwill to boost the businesses of Defendants and tarnish the reputation of Plaintiffs and attendees at their Dream Park facility.

40.    In sum, through its use of Plaintiffs' COOPERSTOWN DREAMS PARK Marks Defendants are exploiting and benefiting from Plaintiffs' hard work, reputation and goodwill generated from Plaintiffs' nationally-recognized youth baseball programs in ways highly likely to have confused and deceived the public as to the authorization, affiliation or other connection between Plaintiffs, on the one hand, and Defendants, on the other hand.

41.    In addition, Defendants have, without authorization from Plaintiffs, used the identical COOPERSTOWN DREAMS PARK logo and Registered Works, all of which are registered by Cooperstown Properties with the U.S. Copyright Office, thereby infringing Cooperstown Properties' copyrights in such works.

42.    On information and belief, Defendants have received revenues from their unauthorized use of Plaintiffs' intellectual property, including without limitation revenues stemming from the millions of views of the Infringing Video on Defendants' various online platforms and/or advertising placed alongside the Infringing Video on such platforms.

43.    On information and belief, the Infringing Video has led to increased traffic to Defendants' website and social media accounts, creating increased awareness of Defendants and their business and growing their prominence in the marketplace.

44.    Defendants' activities have caused and will continue to cause irreparable harm to Plaintiffs and to the substantial goodwill embodied in of Plaintiffs' COOPERSTOWN DREAMS PARK Marks, and said acts will continue unless restrained by this Court.

45.    Plaintiffs have no adequate remedy at law.

## FIRST CLAIM FOR RELIEF

**Federal Trademark Infringement of a Registered Trademark
(Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1))
Plaintiff Cooperstown Properties Against Defendants**

46.     Plaintiffs restate and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

47.     Plaintiff Cooperstown Properties is the sole owner of the Registered COOPERSTOWN DREAMS PARK Marks, as described above.  The registrations are valid, subsisting, and incontestable.

48.     Defendants' willful and intentional use of the Registered COOPERSTOWN DREAMS PARK Marks in commerce has been and is likely to cause confusion, or to cause mistake or to deceive, and it constitutes infringement of the Registered COOPERSTOWN DREAMS PARK Marks under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

49.     Defendants' actions as described herein, have caused and are likely to cause confusion, mistake, and deception among consumers as to the affiliation, connection, or association of Defendants with Plaintiff Cooperstown Properties, as to the true source of Defendants' services, and as to the sponsorship or approval of Defendants or their services by Cooperstown Properties.

50.     Defendants are not affiliated nor associated with Cooperstown Properties or its products or services, and Cooperstown Properties does not approve nor sponsor Defendants or their services, or the marketing in U.S. commerce of their services.

51.     Defendants' actions have caused, and will continue to cause, irreparable harm to Cooperstown Properties unless permanently enjoined.

52.     Defendants' actions are causing and will cause Cooperstown Properties monetary damage in amounts presently unknown but to be determined at trial, which should be enhanced

as permitted by Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).  Cooperstown Properties

is also entitled to any profits made by Defendants in connection with their infringing activities,

together with pre-judgment interest on any monetary award.

53.    Defendants' infringement of the Registered COOPERSTOWN DREAMS PARK

Marks is deliberate, willful, and without extenuating circumstances, and constitutes a knowing

use of Cooperstown Properties' Marks.  Defendants' infringement is thus an "exceptional case"

within the meaning of Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), entitling

Cooperstown Properties to an award of its reasonable attorneys' fees, costs and disbursements

incurred in this action.

## SECOND CLAIM FOR RELIEF

**Federal Unfair Competition**
**(Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a))**
**Plaintiffs Cooperstown Properties and Dreams Park, Inc. Against Defendants**

54.    Plaintiffs restate and incorporate by reference each and every allegation set forth

in the preceding paragraphs as if fully set forth herein.

55.    Plaintiffs own common law rights in Plaintiffs' COOPERSTOWN DREAMS

PARK Marks, and Cooperstown Properties is the registrant of the Registered COOPERSTOWN

DREAMS PARK Marks.

56.    Defendants' actions as described herein, have caused and are likely to cause

confusion, mistake, and deception among consumers as to the affiliation, connection, or

association of Defendants with Plaintiffs, as to the true source of Defendants' services, and as to

the sponsorship or approval of Defendants or their services by Cooperstown Properties.

57.    Defendants' actions violate Section 43(a) of the Lanham Act, 15 U.S.C.

§ 1125(a).

58.     Defendants' actions have caused, and will continue to cause, irreparable harm to Plaintiffs unless permanently enjoined.

59.     Defendants' actions are causing and will cause Plaintiffs monetary damage in amounts presently unknown but to be determined at trial, which should be enhanced as permitted by Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).  Plaintiffs are also entitled to any profits made by Defendants in connection with their activities, together with pre-judgment interest on any monetary award.

60.     Defendants' wrongful use of the COOPERSTOWN DREAMS PARK Marks is deliberate, willful, and without extenuating circumstances, and constitutes a knowing use of Plaintiffs' Marks.  Defendants' infringement is thus an "exceptional case" within the meaning of Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), entitling Plaintiffs to an award of their attorneys' fees, costs and disbursements incurred in this action.

## THIRD CLAIM FOR RELIEF

### Infringement of Registered Copyrights
### (17 U.S.C. §§ 501-503)
### Plaintiff Cooperstown Properties Against Defendants

61.     Plaintiffs restate and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

62.     Plaintiff Cooperstown Properties is and has been at all relevant times the owner of the exclusive rights under the United States Copyright Act in the copyrighted COOPERSTOWN DREAMS PARK logo that is the subject of the registration attached as Exhibit 2.

63.     Plaintiff Cooperstown Properties is and has been at all relevant times the owner of the exclusive rights under the United States Copyright Act in the Registered Works that are the subject of the registrations attached as Exhibit 3.

64.    Among the exclusive rights granted to Cooperstown Properties under the Copyright Act is the exclusive right to use or to license the right to use the COOPERSTOWN DREAMS PARK logo and the Registered Works to others.

65.    Without Cooperstown Properties' authorization, Defendants have used the identical COOPERSTOWN DREAMS PARK logo to promote their business, thereby infringing Cooperstown Properties' copyright.

66.    Without Cooperstown Properties' authorization, Defendants have copied, reproduced, displayed, and distributed the Registered Works in the Infringing Video, thereby infringing Cooperstown Properties' copyrights.

67.    Upon information and belief, the foregoing acts of infringement have been willful and intentional, with wanton disregard and indifference to the rights of Cooperstown Properties.

68.    As a result of Defendants' infringement of Cooperstown Properties' copyrights and the exclusive rights embodied therein, Cooperstown Properties is entitled to the recovery of its actual damages or, as to the unauthorized use of the copyrighted COOPERSTOWN DREAMS PARK logo, an award of statutory damages, together with an accounting of profits, pursuant to 17 U.S.C. § 504, along with pre-judgment interest.

69.    Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Cooperstown Properties irreparable injury that cannot be fully compensated or measured through an award of monetary damages.  Cooperstown Properties has no adequate remedy at law and is entitled to injunctive relief pursuant to 17 U.S.C. §§ 502 and 503 prohibiting Defendants from further infringing Cooperstown Properties' copyrights in the COOPERSTOWN DREAMS PARK logo and Registered Works and ordering Defendants to destroy all copies of materials made in violation of Cooperstown Properties' copyrights.

70.     Defendants' wrongful use of the COOPERSTOWN DREAMS PARK logo and the Registered Works is deliberate, willful, and without extenuating circumstances.  As a result, Cooperstown Properties is entitled to an award of its reasonable attorneys' fees, costs and disbursements incurred in this action under 17 U.S.C. § 505, as to the unauthorized use of the COOPERSTOWN DREAMS PARK logo.

### FIFTH CLAIM FOR RELIEF

**New York Common Law Trademark Infringement**
**Plaintiffs Cooperstown Properties and Dreams Park, Inc. Against Defendants**

71.     Plaintiffs restate and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

72.     Plaintiffs own valid common law rights in Plaintiffs' COOPERSTOWN DREAMS PARK Marks.

73.     There is a likelihood of confusion between Plaintiffs' COOPERSTOWN DREAMS PARK Marks and Defendants' use of the trademarks COOPERSTOWN DREAMS PARK and the COOPERSTOWN DREAMS PARK logo.

74.     Plaintiffs are likely to suffer harm from Defendants' knowing and intentional use of these trademarks in such a manner as is likely to confuse and deceive the public into the mistaken belief that Defendants' services and business are those of Plaintiffs or authorized, sponsored by or connected to Plaintiffs.

75.     Defendants' actions have caused, and will continue to cause, irreparable harm to Plaintiffs unless permanently enjoined.

76.     Defendants' conduct is causing and will cause Plaintiffs monetary damage in amounts presently unknown but to be determined at trial.  Plaintiffs are also entitled to any

profits made by Defendants in connection with their conduct, along with pre-judgment interest on any monetary award.

## SIXTH CLAIM FOR RELIEF

**New York Common Law Unfair Competition**
**Plaintiffs Cooperstown Properties and Dreams Park, Inc. Against Defendants**

77.     Plaintiffs restate and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

78.     Defendants' bad faith, unauthorized use of the trademarks COOPERSTOWN DREAMS PARK and the COOPERSTOWN DREAMS PARK logo constitutes unfair competition by passing off, misappropriation and unprivileged imitation under common law.

79.     Defendants' actions have caused, and will continue to cause, irreparable harm to Plaintiffs unless permanently enjoined.

80.     Defendants' conduct is causing and will cause Plaintiffs monetary damage in amounts presently unknown but to be determined at trial.  Plaintiffs are also entitled to any profits made by Defendants in connection with their conduct, together with an award of pre-judgment interest on any monetary award and punitive damages.

## SEVENTH CLAIM FOR RELIEF

**Trademark Dilution**
**(New York General Business Law § 360-l)**
**Plaintiffs Cooperstown Properties and Dreams Park, Inc. Against Defendants**

81.     Plaintiffs restate and incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

82.     The COOPERSTOWN DREAMS PARK Marks are distinctive within the State of New York.

83.     Defendants' use of the COOPERSTOWN DREAMS PARK logo and the COOPERSTOWN DREAM PARK trademark has diluted the value of such Marks in violation of New York General Business Law § 360-l, through both blurring and tarnishment.

84.     Defendants' actions have caused irreparable harm to Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court enter judgment in their favor and against Defendants and provide the following relief:

1. Permanently enjoining and restraining Defendants, their officers, agents, servants, employees, attorneys, successors or assigns, and all persons or entities acting in concert or participation with them or any of them, from the offering for sale, sale, advertising and/or promotion in the United States of any good or services in a manner that:

    (i)     uses, incorporates or depicts in any way any of the COOPERSTOWN DREAMS PARK Marks, any variations thereof, or any other designation that is confusingly similar to Plaintiffs' COOPERSTOWN DREAMS PARK Marks;

    (ii)    any other false designation of origin or false description or representation or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that Defendants' business or services are in any way associated or affiliated with or related to Plaintiffs or Plaintiffs' goods and services; and

    (iii)   uses, displays, distributes or disseminates the Infringing Video in any way.

2. Requiring Defendants, their officers, agents, subsidiaries, servants, partners, employees, attorneys, and all others in active concert or participation with them, to deliver up for destruction all advertising, promotional or marketing materials, or other materials in their

19

possession or control, that bear names or marks that infringe Plaintiffs'

COOPERSTOWN DREAMS PARK Marks.

3. Requiring Defendants to pay over to Plaintiffs all damages sustained by Plaintiffs, and all

profits earned by Defendants from their violative conduct under 15 U.S.C. § 1117(a).

4. Enhancing the amount of damages and/or profits awarded to Plaintiffs as permitted under

15 U.S.C. § 1117(a).

5. Awarding Plaintiffs their reasonable attorneys' fees, costs, disbursements and pre-

judgment interest pursuant to 15 U.S.C. § 1117(a), and other applicable law.

6. Awarding Plaintiff Cooperstown Properties actual damages for each infringement of its

copyrights in such amount as may be found, or, alternatively, an award of statutory

damages (solely as to the infringement of the COOPERSTOWN DREAMS PARK logo),

as otherwise permitted by 17 U.S.C. § 504.

7. Ordering Defendants to make an accounting of, and imposing a constructive trust with

respect to, Defendants' profits attributable to its infringements of Cooperstown

Properties' copyrighted COOPERSTOWN DREAMS PARK logo and Registered Works

under 17 U.S.C. § 504.

8. Awarding Cooperstown Properties its reasonable attorneys' fees, costs, disbursements

and pre-judgment interest in this action, pursuant to 17 U.S.C. § 505 (solely as to the

infringement of the COOPERSTOWN DREAMS PARK logo), and other applicable law;

9. Awarding Plaintiffs punitive damages on their New York State claim for unfair

competition; and

10. Granting Plaintiffs such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all of their claims so triable.

Dated:    New York, New York
          August 12, 2025

                                        DORSEY & WHITNEY LLP

                                        By:    */s/ Bruce R. Ewing*
                                             Bruce R. Ewing
                                           51 West 52nd Street
                                           New York, New York 10019
                                           (212) 415-9200
                                           ewing.bruce@dorsey.com

                                        *Attorneys for Plaintiffs Cooperstown*
                                        *Properties, LLC and Cooperstown Dreams*
                                        *Park, Inc.*